Medina v New York City Hous. Auth. (2021 NY Slip Op 01723)





Medina v New York City Hous. Auth.


2021 NY Slip Op 01723


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 157593/15 Appeal No. 13392 Case No. 2020-03106 

[*1]Doris Medina, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco LLP, New York (Greg Freedman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, New York County (James E. D'Auguste, J.), entered January 9, 2020, which denied plaintiff's motion for summary judgment as to liability, unanimously reversed, on the law, and the motion granted, without costs.
Plaintiff alleges that she sustained injuries when she was struck by a cabinet that detached from a wall in her kitchen due to defendant's negligent installation. Defendant's first carpenter, who removed the old cabinet, testified that he could not install the new cabinet, which was larger than the old one, because the wall's condition was not suitable for the new cabinet. He further testified that the wall needed to be plastered and new grounds installed. A different carpenter installed the cabinet. Plaintiff testified that immediately after the cabinet was installed by the installing carpenter she asked the carpenter to inspect the cabinet because it was making a noise and that after he inspected it he told her that everything was fine. Defendant failed to proffer an affidavit from the installing carpenter to demonstrate that the wall was made suitable when he installed the new cabinet. Almost a year later the cabinet separated from the wall and struck plaintiff. Plaintiff has made a prima facie showing that the cabinet's detachment from the wall was due to defendant's defective installation, of which it had actual notice, having caused and created it. Defendant failed to adduce credible evidence that anyone else, including plaintiff, was negligent. Under these circumstances, plaintiff's motion should have been granted (see Langer v MTA Capital Constr. Co., 184 AD3d 401, 402 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021